UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: MIRAPEX PRODUCTS
LIABILITY LITIGATION  07-MD-1836 MJD/FLN

This document relates to:

Julie Lynn,  Civil 10-972 MJD/FLN

    Plaintiff,

    v.  REPORT & RECOMMENDATION

Boehringer Ingelheim Pharmaceuticals,
Inc., Pfizer, Inc., et al.,

    Defendants.

---

Based upon the Court's previous Order to Show Cause, [Docket Entry #74], and all of the files, records and proceedings herein, the Court concludes that Plaintiff has failed to prosecute this action, and that it should be dismissed. It appears from the facts set forth in connection with the motion by Plaintiff's counsel to withdraw, that he has been unable to communicate with his client, due to the client's unresponsiveness to counsel's communications. While the parties agreed to suspend the production of the Plaintiff's Fact Sheets while settlement negotiations were pursued, Plaintiff failed to provide their counsel with any documents or facts with which he could pursue settlement discussions with the Defendants. For all of the foregoing reasons, it appears to the Court that the Plaintiff has lost interest in prosecuting this case, and that it should be dismissed for failure to prosecute.

DATED: November 14, 2012.  *s/ Franklin L. Noel*
    FRANKLIN L. NOEL
    United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing

with the Clerk of Court and serving on all parties, on or before **November 28, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.